# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DALE SHOOP,**

    **Petitioner,**

**v.**                                                                         **Case No. 1:15cv47**
                                                                                     **(Judge Keeley)**

**DAVID BALLARD, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On March 16, 2015, Dale Shoop, the *pro se* petitioner, an inmate at the Mount Olive Correctional Complex ("MOCC") in Mount Olive, West Virginia, filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, along with a motion for leave to proceed *in forma pauperis* ("IFP"); a copy of the Ledger Sheets to his Prisoner Trust Account ("PTAR"); and motion to appoint counsel. Pursuant to a Notice of Deficient Pleading issued by the Clerk of Court, on March 30, 2015, petitioner paid the filing fee and filed another IFP motion and a copy of his PTAR. By separate Orders entered March 30, 2015, petitioner's first and second IFP motions were denied as moot and his motion for appointed counsel was denied. On April 28, 2015, the Court having never received a copy of the petition on a court-approved form, petitioner was directed to show cause why his case should not be dismissed for the failure to prosecute and the Clerk was directed to provide him with another copy of the form petition. On May 11, 2015, petitioner filed his court approved form petition.

On May 12, 2015, the Court made a preliminary review of the petition, found that summary dismissal was not warranted, and directed the respondent to answer the petition. On June 22, 2015 the respondent moved for an extension of time. On June 26, 2015, the plaintiff

filed a Motion to Compel or Motion for Summary Judgment and Motion to Enlarge Time to Reply to Respondent's Answer. By Order entered July 1, 2015, the respondent's motion for an extension was granted and petitioner's Motion to Enlarge Time to Reply was granted and his Motion to Compel the respondent to answer or grant summary judgment in his favor was denied in part and granted in part.

On July 22, 2015, the respondent filed its response, along with a Motion for Summary Judgment, a memorandum in support; and a Motion to Seal. Because the petitioner was proceeding *pro se*, on July 27, 2015, a Roseboro Notice was issued. By Order entered July 28, 2015, respondent's motion to seal was granted in part and denied in part. On August 24, 2015, petitioner filed his Response and Objection to the respondent's dispositive motion.

Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 2.

## I. Procedural History

### A. Petitioner's Conviction and Sentence

During its September, 2007 term, the Morgan County, West Virginia Grand Jury returned a one-count indictment, charging petitioner, then 36 years old, with first degree sexual assault in violation of W. Va. Code §61-8B-3(a)(2), arising out of the offense committed on July 14, 2007, when petitioner digitally penetrated the anus of B.W., an eleven-year old girl.[1]

At trial, petitioner was represented by attorney B. Craig Manford. After a two-day trial, on January 24, 2008, petitioner was convicted of first degree sexual assault.[2]

---

[1] Dkt.# 27-1 at 2.

[2] Dkt.# 27-27 at 75 – 76.

At an April 7, 2008 hearing, petitioner was sentenced. Before addressing any sentencing issues, the trial court took up petitioner's post-trial motion for a new trial and for judgment of acquittal notwithstanding the verdict of the jury, ultimately denying it.[3] After careful consideration of the entire record, including the probation officer's pre-sentence report, referencing Petitioner's prior convictions for sexual assault/abuse, and the arguments of counsel, petitioner was sentenced to a term of imprisonment of not less than twenty-five nor more than one hundred years and a fine of $25,000.00.[4] Because he received credit for time already served, the effective date of petitioner's sentencing was July 25, 2007.[5] Pursuant to a September 22, 2009 Agreed Order Re-Sentencing Defendant, petitioner was resentenced to permit the timely filing of an appeal.[6]

The West Virginia Division of Corrections' ("WVDOC") online Offender Search indicates that petitioner's projected date of release is July 24, 2057, at which time he will be 87 years old.

**B. Direct Appeal**

Through counsel, petitioner filed a Notice of Appeal on September 21, 2009.[7] On November 2, 2009, petitioner's appellate counsel[8] filed the petition with the West Virginia

---

[3] Dkt.# 27-6 at 2.

[4] Sentencing Order, Circuit Court of Morgan County, W.Va., Dkt.# 27-6 at 2 - 3.

[5] Dkt.# 27-6 at 3.

[6] Dkt.# 27-7 at 2.

[7] Dkt.# 27-8 at 12.

[8] Trial counsel B. Craig Manford represented petitioner on appeal.

Supreme Court of Appeals ("WVSCA").[9] By Order entered January 14, 2010, the WVSCA refused petitioner's direct appeal.[10]

On May 6, 2010, Shoop filed an untimely petition with the United States Supreme Court for a writ of *certiorari*, accompanied by an application to extend the time to petition for *certiorari*. The application for an extension was granted on May 7, 2010. Nonetheless, on October 4, 2010, *certiorari* was denied.[11]

## C. Petitioner's State Habeas Petition

On November 24, 2010, petitioner, proceeding *pro se,* filed a petition for post-conviction relief under W. Va. Code §53-4A-1(a) in the Circuit Court of Morgan County. The state habeas court appointed Christopher J. Prezioso ("Prezioso") was appointed as Petitioner's state habeas counsel. On April 6, 2012, Prezioso filed an amended Petition for Writ of Habeas Corpus and Request for Evidentiary hearing.[12] The Circuit Court of Morgan County ordered the State to answer the petition on December 4, 2012.[13] When the State did not timely answer, petitioner filed a *pro se* "Motion for the Court's Order Granting Habeas Corpus Relief" on January 22, 2013, in effect seeking a default judgment against the State.[14] On January 25, 2013, the State filed its Respondent's Replication to Petition of Writ of *Habeas Corpus Subjiciendum*, denying petitioner's claims.[15] On March 27, 2013, the circuit court entered an Order acknowledging

---

[9] Petition for Appeal of Dale Shoop, Dkt.# 27-8 at 12.

[10] Dkt.# 27-9 at 2.

[11] Dkt.# 27-29 at 6.

[12] (Amended) Petition for Writ of Habeas Corpus and Request for Evidentiary Hearing, Dkt.# 27-11.

[13] Dkt.# 27-13.

[14] Dkt.# 27-12.

[15] Dkt.# 27-4.

4

petitioner's request for an evidentiary hearing and the parties' joint request for the Court's determination as to whether such a hearing would be necessary.[16]

On October 8, 2013, the State filed an amended replication denying Petitioner's habeas claims.[17] By Final Order entered November 22, 2013, the circuit court determined that an evidentiary hearing was unnecessary and denied petitioner's claims.[18]

## 2. State Habeas Appeal to the WVSCA

Petitioner filed his notice of appeal of the denial of his amended state habeas petition to the WVSCA on December 23, 2013.[19] He filed his appellate petition on May 6, 2014.[20] By Memorandum Decision entered November 21, 2014, the WVSCA denied the appeal of petitioner's state habeas petition.[21]

## D. Petitioner's Federal Habeas Petition

On March 16, 2015, petitioner filed the instant petition, raising the following grounds, reworded here for clarity:

**1.** Petitioner was denied his constitutional due process right to effective assistance of counsel in violation of the 6th and 14th Amendments of the United States Constitution and Article III, Section 14 of the West Virginia Constitution, when trial counsel:

    **a)** was ineffective for failing to introduce evidence of the victim's prior inconsistent statement;

---

[16] Dkt.# 27-15.

[17] Dkt.# 27-16.

[18] Dkt.# 27-17.

[19] Dkt# 27-18.

[20] Dkt.# 27-19.

[21] See Shoop v. Ballard, No. 13-1313, Dkt.# 27-22.

5

      **b)** was ineffective for giving petitioner improper advice, thereby coercing Petitioner not to testify and defend himself at trial;

      **c)** was ineffective for failing to secure the presence of critical defense witnesses necessary to Petitioner's defense at trial.

**2.** Petitioner's constitutional due process rights under the West Virginia and United States Constitutions were violated when he was indicted and convicted upon insufficient evidence.

Petitioner contends he has exhausted his state court remedies.

As relief, petitioner requests that: counsel be appointed; he be granted one omnibus evidentiary hearing; his case be remanded for a new trial; or, alternatively, that his sentence be vacated and he be remanded for resentencing.

### E. Respondent's Motion for Summary Judgment

The respondent contends that

**1.** Petitioner has failed to state a claim upon which relief can be granted;

**2.** Petitioner has failed to demonstrate that he is entitled to relief on any of his claims; and

**3.** Petitioner has failed to set forth claims of a constitutional dimension, as required for relief under habeas corpus considerations.[22]

### F. Petitioner's Response to Respondent's Motion for Summary Judgment

Petitioner reiterates his arguments and attempts to refute the State's on the same.[23]

## II. Standard of Review

### Motion for Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See <u>Blackledge v. Allison</u>, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. <u>Maynard v. Dixon</u>, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the

---

[22] Dkt.# 27 at 1.

[23] Dkt.# 34.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. <u>Miller v. Federal Deposit Ins. Corp</u>., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." (<u>Id.</u>). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co</u>., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. <u>Anderson</u>, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. V. Zenith Radio Corp</u>., 475 U.S. 574, 587-88 1986).

### III. <u>Analysis</u>

**A. <u>One-Year Limitation Period</u>**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

7

A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The petitioner does not make any assertion regarding timeliness in his petition; the respondent likewise makes no assertion regarding timeliness in its dispositive motion. Consistent with his silence on the point, Petitioner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which

was made retroactive or that there are newly discovered facts. Therefore, the date on which his judgment became final is relevant in determining the statute of limitations.

As previously noted, the petitioner's judgment was entered on the docket on April 11, 2008. Pursuant to Rule 37(b)(1) of the West Virginia Rules of Criminal Procedure, he had 30 days, or until May 12, 2008, to file a timely notice of appeal. However, an Agreed Order Resentencing Defendant was entered on September 22, 2008; petitioner filed his Notice of Appeal the day before that. His direct appeal was refused on January 14, 2010, and the United States Supreme Court denied his petition for writ of *certiorari* on October 4, 2010.[24] Therefore, the petitioner's conviction became final on October 4, 2010. Adding a day pursuant to Federal Rule of Civil Procedure 6(a), see Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000), starts the one year clock running on October 5, 2010. Accordingly, Petitioner's federal habeas petition, or a state habeas petition triggering the tolling clause, would have to have been filed by October 5, 2011. Petitioner's state habeas petition was filed on November 24, 2010, when only 51 days had elapsed from the one-year period of limitations. It was denied on November 22, 2013. On November 21, 2014, the WVSCA denied his appeal of the Circuit Court's denial of his state habeas petition. Petitioner did not petition for *certiorari*.[25]

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v.

---

[24] The habeas statute is clear that the statute of limitations begins to run at the conclusion of direct review of the conviction. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). This time concludes when the United States Supreme Court denies review, or the time with which to file a writ of cert—90 days—expires. Id. at 328.

[25] Although petitioner had the right to petition the United States Supreme Court for writ of *certiorari*, he apparently chose not to do so; unlike with direct review, however, the limitation period does not remain tolled during the 90-day writ of *certiorari* filing period following denial of state postconviction relief. Harris, 209 F.3d at 328; Washington v. Beck, 2005 WL 1869229, at *1 (M.D. N.C. Aug. 3, 2005) (citing Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999)).

Hutchinson, 209 F.3d at 327. Therefore, the petitioner's one-year limitation normally would have been tolled on November 24, 2010, when he filed his state habeas petition with the Circuit Court of Morgan County, and remained tolled until November 21, 2014, when the WVSCA denied his appeal of the Circuit Court's order denying it. Adding another day, pursuant to Federal Rule of Civil Procedure 6(a), see Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000), would have started the one year clock running again on November 22, 2014, and it would have run until he filed the instant §2254 petition on March 16, 2015, after an additional 114 days, for a total of 190, had expired.

Nonetheless, despite the appearance of timeliness on its face, the petition is untimely filed.

The statute of limitations is specific to each claim in a federal habeas petition. Fielder v. Varner, 379 F.3d 113, 122 (3rd Cir. 2004); Bachman v. Bagley, 487 F.3d 979, 984-85 (6th Cir. 2007); Souliotes v. Evans, 622 F.3d 1173, 1179-80 (9th Cir. 2010)(vacated on other grounds); Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012); Prendergast v. Clements, 699 F.3d 1182, 1187-88 (10th Cir. 2012); Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013); see also Pace v. DiGuglielmo, 544 U.S. 408, 415-16 (2005) (noting that the majority of the subsections of § 2244(d)(1) require a claim by claim analysis).

"When a prisoner is resentenced and his §2254 petition challenges the resentencing, the statute of limitations begins to run from the date that the resentencing becomes final." Williams v. Florida, 221 Fed.Appx. 867, 870 (11th Cir. 2007) (internal citations omitted); see also Murphy v. United States, 634 F.3d 1303, 1311-12 (11th Cir. 2011) ("when a defendant is resentenced, the defendant becomes confined under a new judgment from which a new one-year statute of

limitations period starts to run").[26] "However, when . . . the habeas petition does not challenge the resentencing and only challenges his original conviction, the statute of limitations begins to run from the date that the original judgment of conviction became final." Williams, 221 Fed.Appx. at 870.

Here, however, Petitioner's §2254 petition raises no claims challenging anything related to his resentencing. Rather, he only raises claims challenging trial counsel's effectiveness at trial; the sufficiency of the indictment[27] and sufficiency of the evidence, claims he was well aware of before the resentencing. As such, May 12, 2008, 30 days after the date of the original April 11, 2008 final judgment of conviction, is the applicable date that would trigger the beginning of the May 12, 2009 one-year period of limitation. Accordingly, Petitioner would have had to file a federal habeas petition, or a state habeas petition triggering the tolling clause, by May 12, 2009. Petitioner's state habeas was not filed until November 24, 2010, and the instant §2254 petition was not filed until March 16, 2015, making it grossly untimely.

## B. Equitable Tolling

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d at 328-29. However, "[e]quitable tolling is available only in

---

[26] A resentencing does not prompt a new statute of limitations period when the resentencing merely accounts for previous time served. See Graham v. Smelser, 422 Fed.Appx. 705, 707-08 (10th Cir. 2011).

[27] Further, contrary to the respondent's assertion that petitioner has fully exhausted his claims (Dkt.# 26 at 14), a close examination of petitioner's claims reveals that that is not entirely accurate. Petitioner's Ground Two claim is similar, but is not the *same claim* as was raised in Petitioner's state habeas and its subsequent appeal to the WVSCA. A petitioner must show that the claims he raised in the state proceedings are the exact same claims he is raising in a federal habeas petition. See Pitchess v. Davis, 421 U.S. 482, 487 (1975); see also Picard v. O'Connor, 404 U.S. 270, 275 – 76 (1971). "It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982)(internal citations omitted). Here, in both his Ground Three claim in his state habeas petition and in the Ground Three claim raised in the appeal of that action to the WVSCA, petitioner's claim was that there was insufficient evidence to *convict* him. Here, he is alleging that there was insufficient evidence to *indict and convict*, thus, this petition, even if it were not grossly untimely, would be due to be dismissed as a "mixed petition" anyway.

'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In this case, the petitioner left the section on timeliness in his court-approved form petition completely blank, by definition failing to show that any extraordinary circumstance beyond his own control or external to his own conduct prevented him from timely filing. Accordingly, Petitioner is not entitled to equitable tolling and the petition, being grossly untimely, should be dismissed.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion for Summary Judgment (Dkt.# 27) be **GRANTED,** albeit on grounds not raised by the respondent, and the petitioner's §2254 habeas corpus petition (Dkt. 1 and 17) be **DENIED** and **DISMISSED** with prejudice from the active docket of this Court.

**Within fourteen (14) days** of being served with a copy of the **original** Recommendation, **or by November 17, 2015**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Amended Report and Recommendation to the *pro se* petitioner via certified mail, return receipt requested, and to transmit a copy electronically to all counsel of record.

DATED: November 3, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE