```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DALE SHOOP,**

      **Petitioner,**

**v.**             //    CIVIL ACTION NO. 1:15CV47
                             (Judge Keeley)

**DAVID BALLARD, Warden,**

      **Respondent.**

**MEMORANDUM OPINION AND ORDER REJECTING REPORT
AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

Pending before the Court is the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 17) filed by the petitioner, Dale Shoop ("Shoop"), and a motion for summary judgment filed by the respondent, David Ballard ("Ballard") (Dkt. No. 27). Also pending is the Report and Recommendation ("R&R") of the Honorable James E. Seibert, United States Magistrate Judge, recommending that the Court dismiss Shoop's § 2254 petition (Dkt. No. 35). The question presented is whether Shoop's petition was filed after the expiration of the one-year limitation period imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons that follow, the Court concludes that Shoop's petition was filed in a timely manner, **REJECTS** the R&R, and **RECOMMITS** the matter to the magistrate judge for further evaluation.

**SHOOP V. BALLARD** 1:15CV47

**MEMORANDUM OPINION AND ORDER REJECTING
REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

## BACKGROUND

In September, 2007, a Morgan County, West Virginia, grand jury returned a one-count indictment, charging Shoop with first degree sexual assault in violation of W. Va. Code § 61-8D-3(a)(2) (Dkt. No. 27-1 at 2). On January 24, 2008, following a two-day trial, Shoop was convicted of the charge (Dkt. No. 27-27 at 75-76). Thereafter, on April 7, 2008, the trial court sentenced Shoop to a term of imprisonment of not less than twenty-five nor more than one hundred years, and a fine of $25,000 (Dkt. No. 27-6 at 2-3). Pursuant to an Agreed Order Re-Sentencing Defendant, Shoop was resentenced on September 22, 2009, in order to permit the timely filing of an appeal (Dkt. No. 27-7 at 2).

On September 21, 2009, Shoop filed a Notice of Appeal (Dkt. No. 27-8 at 12). By Order entered January 14, 2010, the Supreme Court of Appeals of West Virginia ("WVSCA") refused Shoop's direct appeal (Dkt. No 27-9 at 2). Shoop then filed a petition for a writ of certiorari with the Supreme Court of the United States on May 6, 2010, which was denied on October 4, 2010.

On November 24, 2010, Shoop filed a pro se petition for post-conviction relief pursuant to W. Va. Code § 53-4A-1(a) in the Circuit Court of Morgan County, West Virginia (Dkt. No. 27-10). The

**SHOOP V. BALLARD**                                                     **1:15CV47**

**MEMORANDUM OPINION AND ORDER REJECTING
REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

state habeas court appointed counsel for Shoop, who filed an amended Petition for Writ of Habeas Corpus and Request for Evidentiary Hearing on April 6, 2012 (Dkt. No. 27-11). By Final Order entered on November 22, 2013, the circuit court determined that an evidentiary hearing was unnecessary and denied Shoop's claims (Dkt. No. 27-17). Shoop noticed his appeal of that denial to the WVSCA on December 23, 2013 (Dkt. No. 27-18 & 27-19). By Memorandum Decision entered November 21, 2014, the court denied Shoop's appeal (Dkt. No. 27-22).

On March 16, 2015, Shoop filed the instant motion pursuant to 28 U.S.C. § 2254, raising two challenges (Dkt. No. 1). Initially, he argues that his attorney was ineffective for (1) failing to introduce evidence of the victim's prior inconsistent statement; (2) giving Shoop improper advice, thereby coercing him not to testify at trial; and (3) failing to secure the presence of critical defense witnesses necessary to his defense at trial. Id. Shoop further contends that his constitutional due process rights under the West Virginia and United States Constitutions were violated when he was indicted and convicted upon insufficient evidence. Id.

In opposing Shoop's motion, the respondent contends that Shoop

SHOOP V. BALLARD                                                1:15CV47

**MEMORANDUM OPINION AND ORDER REJECTING
REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

has failed to state a claim upon which relief can be granted, failed to demonstrate that he is entitled to relief, and failed to set forth claims of a constitutional dimension (Dkt. No. 27 at 1-2). Shoop's reply generally reiterates the arguments in his original petition; he also contends that the State has improperly relied on presumptions in a failed attempt to refute his arguments (Dkt. No. 34).

Initially, Shoop's petition appeared to have been timely filed. After careful review, however, the magistrate judge concluded that it actually had been filed after the one-year limitation period under the AEDPA had expired (Dkt. No. 35 at 10). According to the magistrate judge, because the only claims raised in Shoop's petition challenged his original conviction, the statute of limitations ran from the date on which the original judgment of conviction became final, rather than from the date on which Shoop was re-sentenced. Id. at 11. As an alternative ground, the magistrate judge noted in a footnote that, even if Shoop had timely filed his petition, he would still recommend dismissal because it is a "mixed petition." Id.

Shoop objected to the magistrate judge's conclusions regarding the timeliness of his petition, as well as to whether it was a

4

SHOOP V. BALLARD                                              1:15CV47

**MEMORANDUM OPINION AND ORDER REJECTING
REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

"mixed petition" (Dkt. No. 37). He contends that the magistrate judge misapplied the authority on which he relied to find the petition untimely. Id. Rather than bar the petition as untimely, Shoop contends that the case law actually supports his position that he filed his petition before the one-year period lapsed. Id.

## STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C) (2012). When no objections to the R&R are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825, 828 (E.D. Cal. 1979). Here, because Shoop objected to the specific conclusions in the R&R, including the authority the magistrate judge relies on, the Court will review those conclusions de novo.

## LEGAL STANDARD

The AEDPA limits the Court's power to entertain a state prisoner's habeas corpus petition only to circumstances where he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2012). Importantly, the

**MEMORANDUM OPINION AND ORDER REJECTING**
**REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING**
**CASE TO THE MAGISTRATE JUDGE**

AEDPA establishes a one-year limitation period within which a petitioner "in custody pursuant to the judgment of a State court" must file a federal habeas petition. 28 U.S.C. § 2244(d)(1) (2012). The limitation period begins to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (2012). In this case, the relevant date is "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2012).

The one-year limitation period is suspended for the time during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent

SHOOP V. BALLARD                                                 1:15CV47

**MEMORANDUM OPINION AND ORDER REJECTING
REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (2012).

In addition to the one-year limitation period, district courts may only entertain a § 2254 petition if the applicant has exhausted all available state remedies. 28 U.S.C. § 2254(b)(1)(A) (2012). Prisoners have not exhausted their state remedies if they have "the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (2012). It is the prisoner's burden to demonstrate that he has exhausted his state judicial remedies. Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). The exhaustion rule in §§ 2254(b),(c) requires district courts to dismiss so-called "mixed petitions" that contain some unexhausted claims. Rose v. Lundy, 455 U.S. 509, 520-22 (1982). Prisoners may then resubmit petitions with only exhausted claims, or exhaust the remainder of their claims before filing another petition. Id. at 520.

## ANALYSIS

I. **The Timeliness of Shoop's Petition**

Shoop strenuously objects to the magistrate judge's determination that his petition was "grossly untimely" (Dkt. No. 35 at 11).

A. **The Magistrate Judge's Findings**

7

**MEMORANDUM OPINION AND ORDER REJECTING
REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

Magistrate Judge Seibert noted that, on its face, Shoop's petition appears to be timely. He first determined that, despite having been convicted and sentenced in early 2008, Shoop's date of final judgment must be adjusted to account for his resentencing. Because Shoop was resentenced on September 22, 2008, his statute of limitations "clock" began to run "at the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2012). Accounting for the tolling during Shoop's direct appeal to the WVSCA and Supreme Court of the United States, Shoop's judgment became final on October 5, 2010.

From that date, the one-year clock ran until Shoop filed his state habeas petition on November 24, 2010, which triggered the tolling clause and stopped the clock. The clock remained tolled until November 21, 2014, when the WVSCA denied Shoop's appeal from the circuit court's order denying his state habeas petition. After that, the clock began to run again on November 22, 2014. The instant § 2254 petition was filed on March 16, 2015, well within the one-year period.

At this point, however, despite the appearance of timeliness, the magistrate judge, relying on a case from the Eleventh Circuit, concluded that, while a resentencing does in fact reset the clock,

SHOOP V. BALLARD                                                1:15CV47

**MEMORANDUM OPINION AND ORDER REJECTING
REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

this new limitation period only applies to habeas claims challenging the resentencing itself. See Williams v. Florida, 221 F. App'x 867, 870 (11th Cir. 2007). Thus, claims challenging the original conviction must conform to a limitation period beginning on the date when the original sentence became final. Id.

Following this principle, the magistrate judge determined that, because Shoop's petition does not raise any claims relating to his resentencing, the statute of limitations for his petition must be adjusted to run from the date on which his original sentence became final (Dkt. No. 35 at 11). Adjusted to this date, Shoop's actual deadline to file a federal habeas petition would be May 12, 2009, thus making the filing of his § 2254 petition on March 16, 2015 "grossly untimely." Id.

**B.  Shoop's Petition is Timely**

Shoop asserts that the statute of limitations clock was reset by his resentencing. He contends that Williams is no longer supported by Eleventh Circuit case law. Furthermore, he argues that another case cited by the magistrate judge, Murphy v. United States, 634 F.3d 1303 (11th Cir. 2011), actually supports a finding that his petition is timely. After examining the relevant authority, the Court concludes that Shoop is correct.

**MEMORANDUM OPINION AND ORDER REJECTING**
**REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING**
**CASE TO THE MAGISTRATE JUDGE**

According to Williams, "when . . . the habeas petition does not challenge the resentencing and only challenges his original conviction, the statute of limitations begins to run from the date that the original judgment of conviction became final." 221 F. App'x at 870. The rule in Williams derived from an earlier Eleventh Circuit opinion, Rainey v. Sec'y, Dep't of Corr., 494 F.3d 1323, 1325-26 (11th Cir. 2006).

At the time the Eleventh Circuit decided Williams, Rainey was good law. Subsequently, however, the Eleventh Circuit overruled Rainey in light of the intervening decision of the Supreme Court in Burton v. Stewart, 549 U.S. 147 (2007). Burton held that, for purposes of AEDPA, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." Id. at 156. As a result, if the sentence is the judgment, then whenever a petitioner is resentenced, a new judgment is issued and the AEDPA statute of limitations clock begins to run for all claims related to a petitioner's "conviction and sentence." Id. at 156-57.

The effect of Burton was not felt in the Eleventh Circuit until the Supreme Court reversed the case of Ferreira v. Sec'y, Dep't of Corr., 183 F. App'x 885, 886 (11th Cir. 2006) ("Ferreira I"), and remanded it for consideration in light of the holding in

10

SHOOP V. BALLARD                                                    1:15CV47

**MEMORANDUM OPINION AND ORDER REJECTING
REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

Burton. Ferreira v. McDonough, 549 U.S. 1200 (2007) (vacating the Eleventh Circuit's judgment for further consideration in light of Burton). In Ferreira I, the Eleventh Circuit, following Rainey, had held that, when a petitioner challenges only his underlying conviction, the statute of limitations runs from the date on which the original judgment of conviction became final, regardless of any resentencing. After Burton, however, the circuit court concluded "that the writ and AEDPA, including its limitation provisions, are specifically focused on the judgment which holds the petitioner in confinement." Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007)("Ferreira II"). Therefore, the date that "both the conviction and the sentence the petitioner is serving at the time he files his application becomes final," is the date from which AEDPA's statute of limitations begins to run. Id. (emphasis in original). Because Burton concluded that "judgment is based on both the conviction and the sentence," the court acknowledged that Burton overruled Rainey's view of conviction and sentence as two separate judgments. Id.

Indeed, in Murphy, the Eleventh Circuit reiterated that "we recognize that Burton effectively overruled Rainey, and held that when a petitioner is resentenced after AEDPA's one-year statute of

SHOOP V. BALLARD                                              1:15CV47

**MEMORANDUM OPINION AND ORDER REJECTING
REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

limitations has expired for the original judgment of conviction and sentence, the judgment entered upon resentencing constitutes a new judgment . . . ." 634 F.3d at 1311. Therefore,"a new judgment resets the statute of limitations clock and a petitioner may challenge both the underlying conviction and the resentencing." Id. Given Burton, and the Eleventh Circuit's rejection of the reasoning in Rainey, the Court concludes that Shoop's petition was timely.[1]

## II. "Mixed Petition"

Shoop's second objection regarding timeliness is directed at a brief footnote in the R&R which noted only that, even if Shoop's petition were not untimely, it should still be dismissed as a "mixed petition." The Court infers that, because Ground Two of Shoop's petition differed from his state habeas petition by the addition of one word, the magistrate judge apparently believed this presented an unexhausted claim and therefore was an improper "mixed

---

[1] The Court notes that this specific timeliness issue has received little attention from either the Fourth Circuit or this District. The two most relevant cases appear in West Virginia district courts. The first, Mercer v. Ballard, No. 2:12-CV-40, 2013 WL 1442841 at *5 (N.D.W. Va. April 9, 2013), cites to the relevant language in Williams, but does not engage in any independent application or analysis of the rule. The second, Harper v. Ballard, No. 3:12-00653, 2013 WL 285412 at *4-6 (S.D.W. Va. Jan. 24, 2013), does not cite to Williams, but does analyze the application of the AEDPA that this Court recognizes as proper.

SHOOP V. BALLARD                                                    1:15CV47

**MEMORANDUM OPINION AND ORDER REJECTING
REPORT AND RECOMMENDATION (DKT. NO. 35) AND RECOMMITTING
CASE TO THE MAGISTRATE JUDGE**

petition." While Shoop objects that the added word was inadvertent, the Court need not decide this issue since it was not fully analyzed in the R&R, never mentioned by the respondents in their motion, and was not fully briefed.

## CONCLUSION

For the reasons discussed, the Court **REJECTS** the R&R and **RECOMMITS** this case to the magistrate judge for further consideration. Because the R&R did not assess the merits of the respondent's motion for summary judgment (Dkt. No. 27), that motion will remain pending until further action by the magistrate judge.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested.

DATED: August 5, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE